(No. 12290.—Judgment affirmed.)

THE CITY OF ROCK ISLAND, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HUGH McGEE, Defendant in Error.)

*Opinion filed February 20, 1919.*

1. WORKMEN'S COMPENSATION—*traffic ordinances are not such municipal regulations as are contemplated by Compensation act.* Speed and traffic ordinances are not such municipal regulations as are within the contemplation of division 8 of paragraph (*b*) of section 3 of the Workmen's Compensation act, but the statutory or municipal ordinance regulations referred to therein must be such laws or ordinances as are enacted or imposed with reference to the employment.

2. SAME—*cities and incorporated villages are "employers" within meaning of Compensation act.* Cities and incorporated villages are "employers" within the meaning and intent of the Workmen's Compensation act.

3. SAME—*building improved roads is a dangerous occupation.* While the building of an ordinary dirt road is not an extra-haz-

ardous enterprise, the occupation of constructing permanent roads, whereon cement mixtures are formed and placed and where rock is crushed and placed thereon, is a dangerous occupation.

4. SAME—*an improved street is a "structure" within meaning of Compensation act.* The "maintaining and repairing" of an improved public street in a city is the "maintaining and repairing" of a "structure," within the meaning of division 1 of paragraph (*b*) of section 3 of the Workmen's Compensation act, when the maintaining and repairing of the same are, in fact, extra-hazardous.

5. SAME—*court will take judicial notice that danger from passing vehicles in city is greater than in country.* The Supreme Court will take judicial notice of the fact that there is more travel on a city street than there is on a common dirt road in the country and that the dangers to one engaged in sweeping and cleaning the streets of a city are much greater than to one working upon a country road.

6. SAME—*a city street sweeper is engaged in extra-hazardous occupation.* One who is employed in sweeping and cleaning the improved streets of a city is engaged in an extra-hazardous occupation, within the meaning of the provision of the Workmen's Compensation act relating to maintaining a structure.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding.

JOHN K. SCOTT, for plaintiff in error.

JAMES F. MURPHY, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

This writ of error was sued out to review the judgment of the circuit court of Rock Island county quashing a writ of *certiorari* issued out of that court to review the finding and decision of the Industrial Commission. The hearing before the arbitrator resulted in an award in favor of defendant in error, Hugh McGee, against plaintiff in error, the city of Rock Island, for the sum of $359.10 for compensation accrued at the time of the hearing, $48 for first aid, medical, surgical and hospital services, and $6.30 per week for a total period of 416 weeks, and if living at

the expiration of that time the further sum of $17.47 per month during the remainder of his life. The Industrial Commission, on review, confirmed the award, and the circuit court sustained the decision of the commission and granted a. certificate that the case is one proper to be reviewed by this court.

The facts are undisputed and are as follows: Defendant in error was engaged in street sweeping for the city of Rock Island. His work was on a paved street in said city, and while engaged therein he was run over by an automobile driven by a private individual, from which he received injuries to his right hip, as a result of which the hip became stiff, the injury permanent and defendant in error totally and permanently incapacitated. At the time of the injury there were in force in said city certain ordinances regulating the use of the streets and the speed thereon of automobiles and other vehicles.

Defendant in error justifies the award on the ground that the enterprise or work in which he was engaged at the time of his injury, and out of and in the course of which his injury arose, was extra-hazardous. It is insisted that the employment was extra-hazardous under the provisions of the Workmen's Compensation act concerning "maintaining a structure," and one in which statutory or municipal ordinance regulations are imposed for the protection of employees and the public. Plaintiff in error insists that neither section of the act applies to the facts in this case, for the reason that the improved street was not a "structure" within the meaning of the statute, and that the ordinance regulations governing traffic and speed on the streets are not such regulations as are contemplated in division 8 of paragraph (*b*) of section 3 of said act.

Speed and traffic ordinances are not such regulations as are within the contemplation of division 8 of paragraph (*b*) of section 3 of the Workmen's Compensation act. The statutory or municipal ordinance regulations re-

ferred to in division 8 must be such laws or ordinances as are enacted or imposed with reference to the employment. The city ordinances of the city of Rock Island enacted for the purpose of regulating traffic and speed of automobiles upon its streets apply generally to every person using the public thoroughfares of the city and are designed for the protection of all persons using such public thoroughfares. They have no reference to the subject matter with which said section of the Workmen's Compensation act is concerned, and the city is not liable in this case by reason of any of the provisions in said division 8 of paragraph (*b*). *Dietrich* v. *Industrial Board,* 286 Ill. 50.

Cities and incorporated villages are "employers" within the meaning and intent of the Workmen's Compensation act. *Marshall* v. *City of Pekin,* 276 Ill. 187.

This court has held that when a public corporation is engaged in building an ordinary dirt road it is not engaged in an extra-hazardous enterprise. The occupation of constructing permanent roads whereon cement mixtures are formed and placed and where rock is crushed and placed thereon may be regarded as a dangerous occupation. The maintaining and repairing of such public roads or of public streets in cities are the maintaining and repairing of a "structure" within the meaning of division 1 of paragraph (*b*) of section 3 aforesaid, when the maintaining and repairing of the same are, in fact, extra-hazardous. (*McLaughlin* v. *Industrial Board,* 281 Ill. 100.) The improved street in question in this case was an asphalt street and defendant in error was engaged in cleaning and sweeping that street. His occupation of sweeping and cleaning the street was a dangerous occupation, if at all, only by reason of the further fact that the occupation subjected him to the dangers of being injured by passing automobiles or other vehicles for travel or traffic. It cannot be gainsaid that the defendant in error was subjected to dangers of being injured by such passing automobiles or other vehicles. The

character of the street upon which defendant in error was performing his work subjected him to greater hazards than if the same had been a common dirt street because of the fact that such paved streets are so constructed as to permit travel on the whole width of the street that is paved. The street in question being in a city, we may take judicial notice of the fact that there is very much more travel on the street than there would be on a common dirt road in the country, and that the dangers to defendant in error from passing vehicles while sweeping and cleaning the street were very much greater than would be the danger to one working upon a dirt road in the country. Therefore the finding of the Industrial Commission that he was engaged in an extra-hazardous occupation cannot be said not to have been supported by the evidence in this case.

An improved street must be held to be a "structure" within the meaning of the Workmen's Compensation act. "The sweeping and cleaning of streets is 'repairing' or 'maintaining' them,   *   *   *   for the presence of rubbish, dirt and ashes in a street may cause it to be in a bad state of repairs and in an unsuitable condition for travel, and any act that is reasonably necessary to put or keep the street in good repair suitable for travel thereon is 'repairing' or 'maintaining' the street." (3 Words and Phrases, 2d ser. 211.) This court held in *Chicago Cleaning Co. v. Industrial Board,* 283 Ill. 177, that the business of washing and cleaning windows is a hazardous occupation intended to be included in the enumeration in the Workmen's Compensation act of such occupations as relate to the maintenance of buildings. We therefore hold that plaintiff in error was engaged in the business or occupation of maintaining a structure, within the meaning of division 1 of paragraph (*b*) of said section 3.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*