THE J. F. IMBS MILLING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HUGO ROS, Defendant in Error.)

*Opinion filed February 16, 1927.*

WORKMEN'S COMPENSATION—*when claim is filed within the required time.* Although the injury occurred more than a year before claim for compensation is filed the claim is not barred under the Compensation act of 1921 where the employee returned to work and filed his claim within eighteen months; and if the employer in the meantime furnished medical treatment until after the filing of the claim the claim is not barred under section 24, as amended in 1925, as payments for medical services are payments of compensation within the meaning of the act.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

D. E. KEEFE, (J. B. HARRIS, of counsel,) for plaintiff in error.

F. J. TECKLENBURG, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The circuit court of St. Clair county confirmed an award made to Hugo Ros by the Industrial Commission, and this court granted a writ of error to review the judgment.

Ros was employed by plaintiff in error to work in its flour mill. In October, 1923, he was working in a department of the mill known as the "blender." There was a chute which led from a department of the mill above down below to the blender. Ros was at work below, and bags with mill products were filled and placed on the chute to slide to the blender. A bag weighing 140 pounds struck Ros on the side and shoulder. It knocked him over and he fell against his mill truck and then onto the concrete floor. The blow and the fall caused pain in the back and shoulder, but he worked in the afternoon in cleaning up the mill. The injury occurred October 23, 1923. The next day or so he complained to the manager that he was hurt and not able to work. On the 5th day of November he told the manager he had to go to a doctor. The manager sent him to Dr. Twitchell, the company doctor. The doctor told him he had a nerve strain and should not do heavy work and told him to tell the manager to give him light work to do. The manager told Ros he would not have to do heavy work, and he did light work until August 23, 1924, when Imbs, the chief man of the milling company, came from St. Louis to the mill at Belleville and told Ros to tell the manager to give him a permit to the doctor and when he was cured he could go back to work. Ros was sent again to Dr. Twitchell, who treated him two or three months and then sent him to the company's St. Louis physician, Dr. Vosburgh. Dr. Vosburgh was not in his office, but his assistant examined Ros, took an X-ray picture and showed him where the trouble was, and explained to him that it was a rough place on the bone and moving it up and down caused the pain. He said he would send the

324—27

plate to Dr. Twitchell but did not do so, and the doctor told him to go back and get it. When he went Dr. Vosburgh was in his office. He examined the shoulder and sent Ros to a lawyer's office to get the plate. Dr. Twitchell treated him until some time in April, 1925. Ros paid no doctor bills to any doctor he was sent to by the company. Dr. Twitchell treated him eight months after August 23, 1924. The pain got worse and Dr. Twitchell said the medicine did not seem to do any good and then Ros went to Dr. Stiehl. Ros further testified he was never injured in the right shoulder before; that he was not able to work now with the right arm and shoulder, and that the last work he had done was August 23, 1924.

Dr. Stiehl testified he examined Ros in May, 1925, and found inability to raise the right arm; that the muscle just above the clavicle was very sensitive, with great pain when touched. Witness had an X-ray picture made. It showed roughening of the acromion process of the scapula and of the distal end of the clavicle, indicating a traumatic condition. In his opinion the trouble would never become normal or disappear. Dr. Young, who made the X-ray picture, corroborated Dr. Stiehl as to the condition of the shoulder. None of this testimony was contradicted.

The arbitrator found first aid, medical and hospital services had been furnished by plaintiff in error and made an award to claimant of $12 per week for 40-5/7 weeks for temporary total incapacity for work, that being the period from August 24, 1924, to the date of the award, June 4, 1925, and $12 per week for 200 weeks, to be paid in weekly installments commencing June 4, 1925, for permanent and complete loss of the use of the right arm, as provided by paragraph (e) of section 8. The award was confirmed by the Industrial Commission and later by the circuit court.

It is contended by plaintiff in error, first, that no demand for compensation was made within the time required

by law; and second, that there is no proof to sustain the finding and award of $12 per week for 200 weeks, because there is no proof of the complete loss of use of the arm.

The application for adjustment was filed with the Industrial Commission February 25, 1925, which was sixteen months after the injury, and the contention is, that because demand was not made within six months after the happening of the injury the commission had no jurisdiction. Section 24 of the act of 1921 was in force when the injury occurred and when compensation was awarded. That section provided that no employee who returns to his work after the accident shall be barred from making an application for adjustment of claim if the application is filed within eighteen months after he returns to his employment. Claimant filed his formal application for adjustment of claim within eighteen months from the date of the accident, and previously claimed compensation both verbally and in writing. The claim was not barred. Section 24 as amended in 1925 does not bar the claim, as plaintiff in error assumes. That section, as amended, omits some of the language of the section as enacted in 1921, but provides that unless claim for compensation is made within six months after the accident no proceeding for compensation can be maintained, but in case payments have been made under the provisions of the act the claim shall be made within six months after the payments have ceased. In any case the claim shall be barred unless it is filed within one year after the date of the injury or within one year after the date of the last payment of compensation. Neither under the act of 1921 nor of 1925 was the claim barred. Plaintiff in error furnished medical services until April, 1925, and the claim was filed two months before that time. This court has held that payments for medical services for an employee are payments of compensation under the provisions of the Compensation act. *Goodman Manf. Co.* v. *Industrial Com.* 316 Ill. 394; *Jackson* v. *Industrial Com.*

302 id. 281; *Central Car Works* v. *Industrial Com.* 290 id. 436.

Plaintiff in error further contends that the proof does not sustain the award for compensation for 200 weeks because it does not show the loss of the use of the arm is complete. The claimant testified the arm was getting worse all the time, and the pain was so bad he could not sleep and could not move the arm. Dr. Young testified that the condition of the shoulder and arm seemed to be caused by trauma. Dr. Stiehl testified that he thought the condition was permanent. The record shows that the arbitrator examined the arm and the efforts of the claimant to move it. There is no contradiction of this proof by any witness, and we are of opinion it cannot be said there is no proof that the loss of the use of the arm is complete.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*