(No. 1941— ▮▮▮▮▮▮▮▮

GLENN BOND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*

VICTOR HEMPHILL, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to, and on the 9th day of October, A. D. 1931, the claimant, Glenn Bond, was employed by the State of Illinois in connection with the construction of durable hard-surfaced roads, and on said date, while he was greasing one of the pumps used in connection with such work, the fingers of his right hand became entangled in the gears, and were severely crushed, and in consequence thereof it became necessary to amputate the thumb at the first joint, and the first finger at the second joint. He remained in the hospital for about a week and under the doctor's care until November 29th, 1931, at

which time he was discharged. All physicians' bills and hospital bills were paid by the respondent.

At the time of the accident, his wages were at the rate of Twenty-four Dollars ($24.00) per week, and after the accident he was paid compensation for temporary total disability at the rate of Twelve Dollars ($12.00) per week from the time of the accident to the date of his discharge.

The work in which claimant was engaged was extrahazardous within the meaning of Paragraph one (1) or Section three (3) of the Compensation Act (*City of Rock Island* vs. *Ind. Com.*, 287 Ill. 76), and he is therefore entitled to compensation under the Act for such loss of use of the thumb and first finger of his right hand, as may be shown by the evidence, provided he has brought himself within the requirements of such Act.

The Attorney General has filed a motion to dismiss the claim for want of jurisdiction on account of the failure of claimant to make claim for compensation within six months after the date of the accident, as required by Section twenty-four (24) of the Compensation Act.

Since the entry of such motion and pursuant to leave of court, the claimant has introduced additional evidence proving conclusively that claim for compensation was, in fact, made within six months from the time of the accident in accordance with the requirements of Section 24 of the Compensation Act. The motion to dismiss is, therefore, overruled and denied.

The Attorney General having submitted the case for hearing on the merits, and the State having failed to plead, a general traverse of the declaration is considered filed under the rules of this court.

Under the facts as hereinbefore set forth, and pursuant to the provisions of Section 8E, Paragraphs one (1), two (2) and six (6), the claimant is entitled to compensation at the rate of Twelve Dollars ($12.00) per week, for thirty-five (35) weeks for the loss of the first phalange of his thumb, and for forty (40) weeks for the loss of the second phalange of the first finger, to-wit: the total sum of Nine Hundred ($900.00) Dollars.

Award is, therefore, made in favor of the claimant for the sum of Nine Hundred ($900.00) Dollars.