(No. 2028— )

ELMA PENNINGTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

BARR & BARR, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

For more than two years prior to June 24th, 1932, Elvis Pennington was in the employ of the Division of Highways, Department of Public Works and Buildings, as a maintenance laborer in District No. 1. On the last mentioned date, in company with three other employees, Pennington was engaged in spraying Canadian thistles with chlorate of soda, along the right-of-way of S. B. I. Route No. 71. Chlorate of soda is not inflammable when in a dry state, before having been mixed with water, nor is the solution inflammable when mixed with water; but after the solution dries a chemical change takes place and thereafter it is highly inflammable.

In using the spray, the clothing of the men naturally became saturated with the solution which dried during the course of their work. The four employees had completed their work on one patch of thistles, and were riding to another patch in an automobile, when one of the men, Glenn Biertz, struck a match to light a cigaret. His clothing became ignited and he jumped from the automobile and was rolling around in the grass by his fellow workmen in an attempt to extinguish the flames. Pennington who was riding on the running board of the automobile immediately jumped off and ran to the assistance of Biertz. As the result of his attempt to aid his co-worker, Pennington's clothes became ignited and he was very severely burned, and died two days later in the hospital at Aurora as the result of such burns.

Elvis Pennington left him surviving Elma Pennington, his widow, the claimant herein, and no children. His wages were Thirty-three Dollars ($33.00) per week or Seventeen Hundred Sixteen Dollars ($1,716.00) per annum. No ques-

tion as to the making of claim for compensation arises for the reason that the declaration herein was filed within six months after the date of the accident.

The maintenance of hard-surfaced highways constitutes "the maintaining of a structure" within the meaning of those words as used in Section Three (3) of the Workmen's Compensation Act of this State. (*City of Rock Island* vs. *Industrial Commission,* 287 Ill. 76.) The work upon which Pennington was engaged was in fact extra-hazardous, and consequently the claimant is entitled to recover compensation under the terms and provisions of the Workmen's Compensation Act, provided the injuries which caused the death of Elvis Pennington arose out of and in the course of his employment.

The Supreme Court of this State, in the case of *Dragovich* vs. *Iroquois Iron Co.,* 269 Ill. 478, said (page 484);

"It is clear that it is the duty of an employed to save the lives of his employees, if possible, when they are in danger while in his employment, and therefore it is the duty of a workman in his employ, when occasion presents itself, to do what he can to save the lives of his fellow employees when all are at the time working in the line of their employment."

The same rule was announced in the case of *Baum* vs. *Industrial Commission,* 288 Ill. 516. It appears therefore, that the injuries which caused the death of the decedent arose out of and in the course of his employment, and his widow therefore is entitled to compensation under the terms and provisions of the Workmen's Compensation Act. Under the provisions of Section 7A of the Compensation Act, the amount to which the widow is entitled is limited to Four Thousand Dollars ($4,000.00). Inasmuch as payment is to be made in a lump sum, this amount must be commuted to an equivalent lump sum in accordance with the provisions of section nine (9) of the Compensation Act.

The amount to which the claimant is entitled, as thus commuted, is Thirty-eight Hundred Eighteen Dollars and Ninety-seven Cents ($3,818.97).

IT IS THEREFORE ORDERED, That an award be entered in favor of the claimant in the amount of Thirty-eight Hundred Eighteen Dollars and Ninety-seven Cents ($3,818.97).