(No. 2070—

Robert W. Kennedy, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 1, 1933.*

L. M. Green, for claimant.

Otto Kerner, Attorney General; Carl Dietz, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For about three months prior to September 26, 1931, the claimant, Robert W. Kennedy, was employed by the Division of Highways, Department of Public Works and Buildings, as a plant inspector, in connection with the construction of a hard-surfaced highway. On the last mentioned date he was working on S. B. I. Route No. 72, about one and one-half miles east of Stillman Valley. It was a part of his duties to check the weight of certain sacks and split sacks of cement and see that they were accurately weighed. In removing a small shovelful of cement from one sack in order that it might contain the correct weight, a quantity of dry cement got into his eyes, thereby causing him considerable pain. Medical and hospital attention were promptly furnished by the State, and the claimant was removed to the office of Dr. Thiell of Rockford, Illinois and thereafter to the Rockford City Hospital in that city. Dr. Thiell continued to treat him for some time thereafter, and subsequently testified that the temporary total disability ceased on March 14th, 1932. From the evidence it appears that the vision of the left eye is now normal, but that as a result of the accident in question, there is a loss of seventy-five per cent (75%) of the sight of the right eye.

Claimant's salary at the time of the accident in question was One Hundred Twenty-five Dollars ($125.00) per month, and it was stipulated that the Division of Highways employs inspectors regularly, full time, throughout the year at a rate of wage of at least One Hundred Twenty-five Dollars ($125.00) per month.

The construction of hard-surfaced roads constitutes ''the erection of a structure'' within the meaning of those words as used in Section three (3) of the Workmen's Compensation Act of this State. (*City of Rock Island* vs. *Industrial Commission,* 287 Ill. 76.) The work on which the claimant was engaged was in fact extra-hazardous, and he is therefore entitled to compensation, provided he has brought himself within the terms and provisions of the Workmen's Compensation Act.

The Attorney General has filed a motion to dismiss the case for the reason that claimant failed to make claim for

compensation within six months after the accident, and failed to file application for compensation within one year after the date of the injury or within one year after the date of the last payment of compensation.

Counsel for claimant contends that the furnishing of medical aid and the payment for medical services constitutes payment of compensation under the terms and provisions of the Compensation Act, and cites the cases of *New Staunton Coal Co.* vs. *Industrial Commission,* 328 Ill. 89; *Donk Bros. Coal Co.* vs *Industrial Commission,* 325 Ill. 193; and *Imbs Milling Co.* vs. *Industrial Commission,* 324 Ill. 416. All of such cases, however, were decided prior to the enactment of the present Paragraph A Section eight (8) of the Compensation Act which specifically provides that the furnishing of any such services by the employer shall not be construed as the payment of compensation.

In Angerstein's "The Employer and the Workmen's Compensation Act of Illinois," 1930 edition, page 925, Section 591, the author states:

"Where there has been a failure to make claim for compensation within six months after the accident so that the employer would have a defense to any proceedings for compensation, a payment of compensation after the expiration of that time would constitute a waiver. See *Tribune Co.* vs. *Industrial Com.,* 290 Ill. 402. Clearly a payment of compensation within the six-month period would also constitute a waiver of the right to a claim for compensation within the six months' time but in either event application for compensation would be required within one year after the last payment."

The evidence discloses that claimant was paid compensation in the amount of Three Hundred Seventy-five Dollars ($375.00). Such payment at the rate which claimant was entitled to receive, to-wit, Fourteen Dollars and Forty-two Cents ($14.42) per week, paid his compensation from the day after the accident to March 27th, 1932. The record shows that the declaration herein was filed in this Court on February 14th, 1933.

It appears, therefore, that payment of compensation was made within six months after the date of the injury and the declaration was filed within one year from the date to which compensation had been paid.

We conclude that under the evidence in this case, the necessity of making claim for compensation by the claimant

within six months after the date of the injury, was waived by payment of compensation by the respondent within that time.

The motion of the Attorney General to dismiss is therefore overruled and denied.

The Attorney General having submitted the case for hearing on the record, and having failed to plead, it will be considered under the rules of this court that a general traverse of the declaration has been filed.

From the record in this case it appears that the claimant is entitled to compensation for 114-1/7 weeks at the rate of Fourteen Dollars and Forty-two Cents ($14.42) per week; being 24-1/7 weeks' temporary total disability, to-wit, from September 27th, 1931 to March 14th, 1932; and ninety (90) weeks specific loss, for the loss of seventy-five per cent (75%) of the vision of the right eye.

After commuting the amount of compensation to which the claimant is entitled, to an equivalent lump sum in accordance with the provisions of section nine (9) of the Compensation Act, and deducting the compensation heretofore paid him, to-wit, the sum of Three Hundred Seventy-five Dollars ($375.00), we find the claimant is entitled to an award in the amount of Twelve Hundred Sixty-nine Dollars and Fifty-four Cents ($1,269.54).

It is Therefore Ordered, That an award be entered in favor of the claimant for the sum of Twelve Hundred Sixty-nine Dollars and Fifty-four Cents ($1,269.54).