(No. 3016— )

Leona Murray, Widow of B. Warren Murray, Deceased, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 25, 1938.*

Cassidy & Knoblock, for claimant.

Otto Kerner, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This case was filed by Leona Murray, widow of B. Warren Murray, deceased, and alleges that B. Warren Murray, her husband, was employed by the State of Illinois, from the 24th day of April, 1934, as Junior Engineer in the Division of Highways, Department of Public Works and Buildings, until the time of his death on September 18, 1936; that for more than one year prior to September 18, 1936, decedent had received a salary from the State in the sum of One Hundred Fifty Dollars ($150.00) per month; that on the 17th day of September, 1936, he had an appointment at eight o'clock A. M. at the Mac Asphalt Company, McCook, Illinois, to inspect the mixing of mackasphalt, which was to be used upon a certain State highway at Sterling, Illinois; that he left his home about seven o'clock in the morning and about seven thirty o'clock in the morning, he collided with a truck at the intersection of Ninety-fifth Street and Harlem Avenue, Chicago, Illinois; that the truck was driven by Julius Caskasy, who lived at 1313 Van Buren Street, Gary, Indiana; that the decedent was removed from the scene of the accident and taken to the Little Company of Mary Hospital, where he died at noon on the following day; that a coroner's jury returned a verdict of accidental death.

Claimant further alleges that decedent was employed as inspector of miscellaneous materials, and went from place to place where his services were needed, especially on asphalt;

that Julius Caskasy carried no public liability insurance and has no financial standing.

The State paid Drs. M. A. Dolan, and Eric Oldberg of Chicago for medical services and paid the hospital fees, for expenses incurred between the time of the accident and his death; and also, one S. W. Steen of Chicago was paid for nursing services.

The facts are all stipulated.

The duties of the decedent were directly connected with and a part of the construction of the highway. He inspected and examined materials which were used in the construction of highways, and he also inspected, and examined highways in the course of their construction, and at the time of his death he was enroute to make an inspection at the Mac Asphalt plant at McCook, Illinois, of certain materials which were to be used in the construction and building of certain highways for the State.

For several years the State of Illinois has been engaged in the enterprise or business of maintaining and repairing its hard-surfaced, concrete highways. In this respect the State of Illinois comes under the Workmen's Compensation Act because in this work its employees in so performing their duties in repairing and maintaining hard-surfaced concrete highways and in constructing highways used and manipulated sharp-edged cutting tools and implement, such as spades, shovels, picks, and moving machines which have sharp-edges; and also employed numerous truck drivers.

> *Forest Preserve District of Cook County* vs. *Industrial Commission, et al.* 357 Ill. 389;
> *The City of Rock Island* vs. *Industrial Commission, et al.* 287 Ill. 76.

In this case actual notice was given to the State on the day of the accident and the claim was filed within apt time.

The claim is made for $4,000.00 compensation, $50.00 doctor bill, $23.62 hospital bill, $21.00 nursing and $425.00 funeral expenses. There is no provision in the law for us to allow the payment of funeral expenses and that part of the claim is denied.

This court has held and also the Supreme Court of the State of Illinois that the construction and maintenance of a hard-surfaced paved public highway is the maintenance and

construction of a structure under the Workmen's Compensation Act.

> *City of Rock Island* vs. *Ind. Com.* 287 Ill. 76, 79;
> *Bond* vs. *State,* 7 C. C. R. 198, 199;
> *Pennington* vs. *State,* 7 C. C. R. 253, 255.

There appears to be no dispute that the decedent at the time of the accident was an employee of the State; that notice was had by the State and the claim was filed within six months after the accident. He was apparently employed on State highway maintenance and construction work and was under the provisions of the Act as previously decided by this court.

Under Section 7a of the Workmen's Compensation Act, if the employee leaves any widow, child or children whom he was under legal obligations to support at the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less in any event than two thousand five hundred dollars, and not more in any event than four thousand dollars, shall be allowed. His annual earnings were $1,800.00 per year. He left no child under sixteen years of age, and all doctor and hospital bills have been paid.

An award, therefore, in the sum of Four Thousand Dollars ($4,000.00) is made to claimant, payable at the rate of Fifteen Dollars ($15.00) per week from the time of his death.

Accrued compensation is as follows: from September 18, 1936 up to March 4, 1938, being 76 weeks, the sum of One Thousand One Hundred Forty Dollars ($1,140.00) now payable; the balance to be paid at the rate of Fifteen Dollars ($15.00) per week. Any right to receive money hereunder, shall be extinguished by the re-marriage of the widow.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Sess. Laws 1937, p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.