(No. 3313—

FRANK BURNS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1939.*

KNOBLOCK & SLOAN, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The facts in this case have all been stipulated. The claimant, Frank Burns, was employed by the respondent in the Division of Highways as a crane operator, and had been so employed since October 20, 1931. On November 24, 1937, the date of the accident, the claimant was operating a gasoline motor-driven Austin Badger shovel owned by the Division of Highways and was loading gravel from a gravel pit into trucks. About 3:30 in the afternoon a part of the gravel

bank gave way, and part of the bank crushed the left leg of the claimant against the shovel boom.

Claimant was taken to the office of Dr. John T. France in Findlay, Illinois, and from there to St. Mary's Hospital in Decatur, Illinois, where he was placed under the care of Dr. Ciney Rich. Dr. Rich reported that the tibia and fibula of claimant's left leg were fractured at the middle third and lower third, and that the tibia was fractured longitudinally through the middle fragment, and that the skin, muscle, nerves and blood vessels were badly crushed in the middle area of the lower leg.

On December 10, 1937, the claimant was taken on a stretcher to St. Luke's Hospital, Chicago, Illinois, and placed under the care of Dr. H. B. Thomas. On December 27, 1937, Dr. Thomas amputated the claimant's left leg above the knee, and on January 7, 1938, claimant returned to St. Mary's Hospital in Decatur and was again placed under the care of Dr. Rich. On February 21, 1938, claimant returned to his home in Edelstein, Illinois, and on March 17, 1938, returned to Chicago for examination by Dr. Thomas. Claimant was in Chicago from March 21 to March 26 under the care of Dr. Thomas and received his board and room at the Y. M. C. A. Hotel in Chicago at the expense of the respondent. On May 2, 1938, claimant went to Chicago and was fitted for an artificial limb by the Merrick-Hopkins Company and returned to Chicago on May 20 for such artificial limb. On June 3, 1938, the claimant went to Dr. H. B. Thomas in Chicago for a final examination, and as a result of such examination Dr. Thomas reported that the artificial limb furnished to the claimant by the respondent was satisfactory and functioning properly.

Claimant's total temporary disability ceased on June 8, 1938, and during that period of claimant's temporary total disability the respondent paid him the total sum of $544.04.

Claimant was unmarried and had no child under sixteen years of age.

The State of Illinois has furnished transportation, through the Division of Highways, or reimbursed the claimant for the expense of all his trips to the City of Chicago, and has paid all the doctor, hospital and medical bills and nurses' bills and has furnished the claimant with an artificial limb. The respondent has paid, through the Division of Highways, for such services the sum of $2,811.04.

The Court finds that it has jurisdiction of the person and of the subject matter. Due notice was properly given. Construction, excavating or electrical work, except as is provided in Paragraph 8, is declared to be extra-hazardous and is automatically under the Workmen's Compensation Act. He was actually employed by the respondent at the time of the injury and the injury arose out of and in the course of his employment.

Compensation should be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings, if in the employment of the same employer continuously during the year next preceding the date of the injury.

This Court has repeatedly held that the construction and maintenance of a hard-surfaced public highway is the maintenance and construction of a structure under the Workmen's Compensation Act.

> *Manhart* vs. *State*, 8 C. C. R. 356;
> *City of Rock Island* vs. *Industrial Commission*, 287 Ill. 76;
> *Bond* vs. *State*, 7 C. C. R. 197;
> *Pennington* vs. *State*, 7 C. C. R. 253.

The amount of compensation which shall be paid to the employee for an injury not resulting in death shall be:

(a) The employer shall provide the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury.

(b) If the period of temporary total incapacity for work lasts more than six working days, compensation equal to fifty per centum of the earnings but not less than $7.50 nor more than $15.00 per week, beginning on the eighth day of such temporary total incapacity and continuing as long as the temporary total incapacity lasts, but not after the amount of compensation paid equals the amount which would have been payable as a death benefit under paragraph (a), section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving as provided in said paragraph (a), section 7; *Provided*, that in the case where the temporary total incapacity for work continues for a period of more than thirty days from the day of the injury, then compensation shall commence on the day after the injury.

(e) For injuries in the following schedule, the employee shall receive compensation for the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, for a period not to exceed sixty-four weeks, and shall receive in addition thereto compensation for a further period subject to limitations as to amounts as in this section provided, for the specific loss herein

mentioned, as follows, but shall not receive any compensation for such injuries under any other provision of this Act.

15. For the loss of a leg, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during one hundred and ninety weeks.

## Section 8, Workmen's Compensation Act.

In *Payne* vs. *Industrial Commission,* 296 Ill. 223, the Court held that under the Workmen's Compensation Act, amputation of the leg ten inches above the ankle constitutes loss of the leg.

Compensation for temporary total disability was paid by the respondent to the claimant from the date of the accident through June 7, 1938, and no further claim is now made. Both the State and the claimant are clearly under the terms and conditions of the Compensation Act.

It was stipulated that the average annual earnings of the claimant were $1,753.50. This does not take into consideration over-time. On these earnings his average weekly wage would be $33.73, but under the Act he is only entitled to $15.00 per week compensation. During the twenty-eight weeks from November 24, 1937, to June 8, 1938, which the report of the Division of Highways shows to have been the period during which the claimant was temporarily totally disabled, the claimant should have been paid compensation in the amount of $420.00 at the rate of $15.00 per week. However, he was paid for that period on the basis of $19.43 per week, or a total of $544.04, which makes an over payment of $124.04, and this should be deducted from any specific loss award hereinafter made.

We are of the opinion that claimant has suffered a complete loss of the leg and under Section 8 (e) 15, the compensation payable for the loss of a leg is one hundred ninety weeks at the compensation rate, which in this case is $15.00 per week, or the sum of $2,850.00, less the over payment of the temporary total disability of $124.04, leaving a net award of $2,725.96.

We, therefore, make an award to claimant, Frank Burns, in the sum of $2,725.96.

One year, three months and four-sevenths weeks had elapsed since the date that claimant's temporary total disability ceased, which was June 8, 1938, up to September 12, 1939, and compensation figured at the rate of $15.00 per week

for this period of time amounts to $983.58, and we hold that claimant, Frank Burns, is entitled to said sum of $983.58 to be paid to him in cash. We further hold that the balance of said award or the sum of $1,742.38 shall be paid to claimant, Frank Burns, at the rate of $15.00 per week, commencing as soon after September 12, 1939, as it shall be convenient for the Department to so do.

This award being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof," approved July 3, 1937 (Session Laws 1937, page 83), and being subject further to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Moneys until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly" (Senate Bill 123, as amended), approved July 8, 1939; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for by the foregoing Acts.