(No. 10793.)

PHOEBE MARSHALL, Admrx., Defendant in Error, *vs.* THE CITY OF PEKIN, Plaintiff in Error.

*Opinion filed December 21, 1916.*

1. WORKMEN'S COMPENSATION—*when Industrial Board has no power to award compensation.* The Industrial Board has no power to award compensation under the Workmen's Compensation act of 1913 where the act does not apply to the injured employee and to the employer or the accident in question does not come within the provisions of the act.

2. SAME—*rule where employer conducts extra-hazardous business.* Where it is sought to hold an employer under the Workmen's Compensation act of 1913 because he conducts an extra-hazardous business and has not elected not to come under the act, it must also appear that the employee was engaged in such extra-hazardous occupation and was injured while in the course of that employment.

3. SAME—*cities and villages are employers within meaning of the Workmen's Compensation act.* Cities and incorporated villages are employers within the meaning of the Workmen's Compensation act of 1913, but they have the same right of election as other employers with reference to coming under the act and are governed by the same rules respecting extra-hazardous occupations as are applied to other employers.

4. SAME—*when injury is not within Workmen's Compensation act.* The fact that a city operates a free wagon bridge does not render it liable under the Workmen's Compensation act for an injury received by a policeman, caused by a bullet from his revolver, which was discharged when it fell from his pocket while he was stooping over his desk in the city hall, in the performance of his duties as desk sergeant.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. J. M. NIEHAUS, Judge, presiding.

J. P. St. CERNY, Corporation Counsel, (W. B. COONEY, of counsel,) for plaintiff in error.

PRETTYMAN, VELDE & PRETTYMAN, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error is a municipal corporation organized as a city under the general Incorporation act, and had adopted and was acting under the commission form of government on and prior to Saturday, December 6, 1913. On that day Harry Marshall, the husband of Phoebe Marshall, while acting as a special policeman for plaintiff in error, was accidentally killed in the city hall as he stooped over his desk, by the discharge of his own revolver, which was fired by falling out of his pocket and striking the edge of a cuspidor. His regular duty in which he was at that time employed was to act as desk sergeant, his hours on duty being from six o'clock P. M. on Saturdays to six o'clock A. M. on Sundays. He was employed by the chief of police with the consent and approval of the mayor and commissioner of public health and safety of plaintiff in error, but the appointment was never ratified or approved by the council of plaintiff in error, unless the payment of salary or wages by the warrants of plaintiff in error on its order constituted a ratification by it, and he never took any oath of office or filed any bond as such special policeman. He was paid for his services to the city as desk sergeant and special policeman the sum of $326,—a little more than two dollars per day for the time he was actually employed,—from July 1, 1912, to November 1, 1913. For years prior to the accident plaintiff in error was maintaining within its limits a free wagon bridge across the Illinois river, but it has never given any notice of its intention to provide and pay compensation under the Workmen's Compensation act. The mayor learned of the accident within a few hours thereafter, and the city council passed a resolution of condolence

on the death of Marshall, December 8, 1913. Said deceased left no will but left surviving him five children and his said widow, who was appointed administratrix of his estate. On May 29, 1914, his widow, as said administratrix, made application for compensation for his death, under the Workmen's Compensation act of 1913, to the Industrial Board of Illinois against plaintiff in error. Arbitration was waived. The foregoing facts were stipulated by the parties, with the further agreement that the decision of the Industrial Board, sitting as a full board, should be considered the same as a decision on an arbitration herein appealed from, and that the decision of the board have the same effect as if a decision on such appeal. The board awarded compensation in the sum of $2400. The circuit court of Tazewell county quashed the writ of *certiorari* directed to the board and on a review of its proceedings rendered a judgment against plaintiff in error confirming the award of the board and taxed the costs against plaintiff in error, and this writ of error followed.

The only question urged before the circuit court and before this court is the one of jurisdiction of the Industrial Board, based on the facts admitted in the record. If the Workmen's Compensation act of 1913 did not apply to the deceased and to plaintiff in error, or if the accident in question does not come within the provisions of the act, the Industrial Board had no jurisdiction. *Courter* v. *Simpson Construction Co.* 264 Ill. 488.

Section 1 of that act provides that any employer in this State may elect to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment, according to the provisions of the act, and thereby relieve himself from any liability for the recovery of damages except as provided in the act. Paragraph (*b*) of that section provides that every employer within the provisions of the act who has elected to provide and pay compensation according to its provisions shall be bound thereby as to all his employees covered by

the act so long as his election continues. If he does not elect to come under the act he is subject to the same liabilities and entitled to make the same defenses as existed before the act was passed, unless he is engaged in an occupation, enterprise or business denominated by section 3 of the act as extra-hazardous. Such employers, under section 3, are entitled to all of the benefits of the act if they elect to come under it, and are presumed to have made this election unless they elect to continue under the old law, in which latter case the act does not permit them to make the defenses of assumed risk, contributory negligence and injury by the negligence of a fellow-servant.

It is insisted by the defendant in error, and it was held by the Industrial Board and the circuit court, that the maintaining of a free wagon bridge by plaintiff in error is the maintaining of a structure within the meaning of clause 1 of paragraph (*b*) of section 3 of said act, and therefore an extra-hazardous employment. To sustain the jurisdiction of the Industrial Board it is not only necessary to hold that plaintiff in error was engaged in an extra-hazardous occupation, but also that the deceased was engaged in that hazardous occupation and lost his life from an injury arising out of and in the course of said employment. An employer who is engaged in an extra-hazardous occupation and who has made no election to come under the Workmen's Compensation act cannot be compelled to pay compensation under said act to any employee injured in an occupation not deemed extra-hazardous under said act simply because such employer is also engaged in an extra-hazardous employment and in which said employee is not engaged. To so hold would be to deny such employer equal rights and privileges with another employer who is only engaged in an occupation not deemed extra-hazardous within the meaning of such act, and would be in violation of the constitutional rights of such employer engaged in both kinds of occupations as well as in violation of the act itself. (*Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477;

*Uphoff* v. *Industrial Board,* 271 id. 312.)    The deceased
was not engaged in any work in connection with the bridge
in question.    The injury from which he died did not arise
out of or in the course of the employment declared by the
Industrial Board to be extra-hazardous, and he was not
injured while engaged in an employment that was, in fact,
shown by the evidence to come within any one of the oc-
cupations enumerated under said section 3 as extra-hazard-
ous occupations.

It is insisted by the defendant in error that the State,
and every county, city, incorporated village or other munici-
pal corporation within this State, are by the terms of said
act declared to be employers within the meaning thereof,
and that they are liable to their employees for all accidental
injuries sustained by them arising out of and in the course
of their employment according to the provisions of the act,
whether such employment be extra-hazardous or otherwise
and without regard to the question as to whether or not
they have elected to accept the provisions of the act.    She
further contends that the deceased was not an officer of the
plaintiff in error, but that under the stipulations in this rec-
ord he must be held to have been simply its employee with-
in the meaning of said act, and that for these reasons it is
liable in this case for his death, and that the judgment and
finding herein should be in her favor upon those general
broad grounds.

We do not here decide the question whether the de-
ceased was an officer of plaintiff in error or merely an em-
ployee, but it may be conceded for the purposes of this de-
cision that the deceased was an employee, as contended, and
not an officer.    Sections 4 and 5 of said act make it clear
that all cities and incorporated villages of this State are em-
ployers within the meaning and intent of the act.    It is
equally clear from all the provisions of the act, and par-
ticularly from the reading of sections 1 and 2 thereof, that
such cities and villages are not liable to their employees

for the compensation provided in that act unless they have
elected to provide and pay such compensation for accidental
injuries to their employees, except for such injuries received
by their employees arising out of and in the course of an
employment or occupation denominated in section 3 of the
act as extra-hazardous.   Section 1 of the act in express
terms provides that *any* employer in this State may make
an election to pay compensation as provided by the act.
Paragraph (*b*) thereof provides that *every* employer within
the provisions of the act who has elected to provide and
pay compensation under the act shall be bound thereby to
all his employees covered by the act until January 1 of the
next succeeding year, and also provides that *any* such em-
ployer may elect *not* to provide and pay the compensation
therein provided after the expiration of such calendar year
by filing notice as therein provided.   Paragraph (*c*) of said
section provides that any employee may elect to be bound
or not to be bound by said act by giving the notice as therein
provided.   All employers and employees are treated alike
by said act so far as the rights of election are concerned,
and cities and incorporated villages and other municipal cor-
porations have the same right of election under the act as
other employers.   The plaintiff in error did not elect to be
bound by the provisions of said act.   The employment or
occupation of the deceased at the time he was killed did
not belong to the class of employments or occupations de-
nominated in section 3 of said act as extra-hazardous, as
heretofore stated.   We must therefore hold that under the
facts admitted in this record the Industrial Board had no
jurisdiction to allow compensation in this case, and that the
circuit court erred in quashing the writ of *certiorari* and
in entering judgment approving the finding and award of
the board.

The judgment of the circuit court is reversed.

*Judgment reversed.*