## Carlin *v.* Coxe Bros. & Co., Inc., Appellant.

*Workmen's compensation—Injury in course of employment—Arrival before time for work—Reasonable time—Experts—Opinion—Medical testimony—Hearing de novo—Practice—Causal relation between accident and disease.*

1. An employee is required to be on the premises at his place of work a reasonable length of time before the hour fixed to commence his duties.

2. What is a reasonable time depends on the character of the employment and the circumstances of each particular case, and is generally a question of fact for the compensation board.

3. Ordinarily the Supreme Court will not disturb such conclusion of the board except in plain cases where, as a matter of law, it may be determined that the time was unreasonable.

4. Where the compensation board, after denying compensation, but still being in doubt, consults a professor of a college as to the effect of certain medical testimony, they may, in pursuance of such consultation order a hearing de novo, and in so doing their action is to be commended rather than censured.

5. In such case, where the finding on the hearing de novo is based solely on the evidence brought on the record, and such evidence shows a causal relation between the accident and the disease of which the workman died, the finding will not be reversed on appeal.

Argued February 14, 1922. Appeal, No. 238, Jan. T., 1922, by defendant, from order of C. P. Schuylkill Co., Sept. T., 1921, No. 146, sustaining award of Workmen's

Compensation Board, in case of Ellen Carlin v. Coxe Brothers & Co., Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board on hearing de novo. Before KOCH, J.

The opinion of the Supreme Court states the facts.

Award affirmed. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*Daniel W. Kaercher,* for appellant, cited: Schott v. R. R., 76 Pa. Superior Ct. 582.

*Roger J. Dever,* for appellee, cited: Ferri v. Quarry Co., 266 Pa. 264; Lyons v. Bank, 251 Pa. 569; Knorr v. R. R., 268 Pa. 172.

OPINION BY MR. JUSTICE KEPHART, April 10, 1922:

Peter Carlin was employed by appellants as a night watchman; his hours were from six p. m. to seven a. m. About three o'clock in the afternoon of March 27, 1919, he went from his home to the colliery, where he received his weekly wages; afterwards, in the neighborhood of five o'clock, while walking to a shanty used in connection with his employment, he was caught and injured between a coal car and a breaker foundation.

It is appellant's contention there was nothing for Carlin to do from three o'clock until six o'clock, and there was no evidence to show what he was doing or what he proposed to do, or what service he was to render defendant after he was paid; he was not required to perform any service until six o'clock. Various authorities are cited to sustain the position that a master is not liable, under the Compensation Act, for injuries occurring on the premises where the relation of master and servant has ceased to exist; that is, where the duties of the

employee are over, and the injury occurs on the premises after the hours fixed for labor.

The facts in each of the cases relied on are associated with an employee using free transportation, returning from work on an instrumentality of the employer. Without discussing these cases, it is sufficient to say they do not control the facts as here presented, and are easily distinguishable therefrom. There is sufficient evidence in the record for the compensation board to conclude that, though actual work did not begin until six o'clock, the watchman was required by the company, in performance of his duties, to be on the ground between five and five-thirty. Without regard to this, an employee is required to be on the premises at his place of work a reasonable length of time before the hour fixed to commence his duties. What is a reasonable time depends on the character of the employment and the circumstances of each particular case, and is generally a question of fact for the compensation board. Ordinarily, this court will not disturb that conclusion except in plain cases where, as a matter of law, it may be determined the time was unreasonable. An employee, in performing his work honestly, has many small matters to look after about his place of work, such as collecting, inspecting and arranging his tools, putting the place in proper order for work, and many other little acts facilitating his tasks later; this must require his presence before his actual labors begin. The court below was not in error in holding deceased met with an accident in the course of his employment.

Carlin died June 5, 1919. The fractured ribs were on the left side, but his death was due to an abscess on the right; though the wound on the left side healed, he was never well after he received the injury. The abscess was discovered about five or six weeks after the accident, and he died a few days after it was located. The causal connection between the abscess and the injury to the left side was shown by medical evidence to such an extent

we could not say the board or the court below committed error in holding it sufficient on which to base a finding deceased died as a result of injuries received in the course of employment. The testimony deduced from the related facts gave rise to the medical conclusion the abscess followed as a direct result of the injury. The quality and quantity of evidence fully met the rule laid down in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 479. See also Morgan v. Philadelphia and Reading Coal and Iron Co., 273 Pa. 255.

In the first hearings before the board, the widow was denied compensation because of insufficient evidence. The compensation board, however, was in doubt as to the effect of Dr. Hunsicker's testimony; they consulted a professor in the University of Pennsylvania, who pointed out a possibility of error in their conclusion from the facts as testified to by Dr. Hunsicker. With this check on their mental attitude toward the case, they ordered a hearing de novo. At this hearing there was ample medical testimony to sustain the ultimate conclusion of the board that a causal connection was established. This advice sought by the Workmen's Compensation Board is to be commended rather than censured. It was only fair to themselves, in dealing with a highly technical subject, to call to their assistance unbiased medical works or authorities at their command. In the administration of justice in this age, acting under such investigation assuredly does not corrupt or thwart right, and the compensation board did not commit error in receiving this assistance. The ultimate finding, however, was based solely on evidence brought on the record; it had no relation to extraneous matters.

The decree of the court below is affirmed, costs to be paid by appellant.