## DOMINICK FABIO v. CITY OF ST. PAUL.[1]

December 5, 1930.

No. 28,154.

Eugene M. O'Neill and H. J. Flynn, for relator.
Weikert, Lohmann & Felhaber, for respondent.

Holt, J.

Certiorari to review a decision of the industrial commission awarding respondent compensation for an accidental injury suffered under these circumstances:

Respondent, a motorcycle patrolman of relator, had upon orders escorted a money wagon from a bank to the fair grounds on August 30, 1929, and was detailed for service at the fair for the week beginning the next day. He was told to report at the fair grounds a little before nine on the 31st of August. He was to use his motorcycle in his work, and mounted thereon he left his home that morning riding upon Snelling avenue, approaching the fair grounds, when he collided with a truck which made an unexpected move on the street ahead of respondent.

The only contention made by relator is that respondent had not entered upon his duties when the accident took place, but was on his

[1]Reported in 233 N. W. 467.

way to the premises where his services as a policeman were to be rendered. It is true that the workmen's compensation law covers a municipal employe only when, under the same circumstances, the employe of a nonmunicipal employer would be covered. In other words, a municipal employer's and a private employer's obligations in respect to accidental injuries of an employe must be judged by the same standard under the compensation act. Marshall v. City of Pekin, 276 Ill. 187, 114 N. E. 497; Allen v. State, 173 App. Div. 455, 160 N. Y. S. 85. And it is argued that it is well established under our act that an employe has no right to compensation for accidental injuries suffered on his way to or from his home and not upon the premises where his services are to be performed nor during the hours of such services. Rosvall v. City of Duluth, 177 Minn. 197, 224 N. W. 840; Hasslen v. Carlson & Hasslen, 180 Minn. 473, 231 N. W. 188. But the nature of the service must be taken into consideration. In factories and stores the boundaries wherein the services are to be performed are prescribed, and wages are paid for the hours or minutes of such services actually performed within those boundaries. But if an employe of even such concerns were hired to operate and care for the employer's truck and shelter it at the employe's home, we apprehend no objection could well be raised to compensation for an accidental injury suffered by the employe in driving from his home in the morning to his place of work. A police officer is a peace officer. Charter of St. Paul, § 357. And § 361 of the charter defines his duties as follows:

"A. To enforce all the laws of the State of Minnesota and the ordinances of the city and arrest violators thereof.

"B. Report the condition of all public lights and sidewalks and any violation of the health and sanitary laws and ordinances as well as of the rules and regulations of the bureau of health.

"C. Report all injuries to persons and property occurring through accident or otherwise upon the streets, alleys and public places within the city, and all facts relating thereto.

"D. Report all materials or debris carelessly or wilfully left in the public streets, alleys and public places which will in any way

impede public travel or cause any expense to the city for the removal thereof."

It is thus seen that a police officer is on the premises of his employer when upon any alley, street, or public place within the city limits and under constant obligation to perform any of the duties above enumerated should occasion present itself.

As to respondent, his was the duty to travel by motorcycle and incur the risk incident thereto. On the occasion of his injury he was not pursuing his own pleasure but was on the way to discharge the duty for which he had been designated. That a police officer's duties and the sphere of his services or the hours of his employment cannot be limited like those of the employes of other employers, private persons, or corporations is apparent from McDaniel v. City of Benson, 167 Minn. 407, 209 N. W. 26. Our opinion is that the industrial commission rightly awarded compensation.

The writ is quashed and the decision affirmed with an allowance to respondent of $50 as attorney's fees in this court.