Brown v. Elks Club No. 123 et al., Appellant.

Argued March 5, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and JAMES, JJ.

*Roger J. Dever,* for appellant.

*Carlon M. O'Malley,* for appellee.

OPINION BY STADTFELD, J., May 8, 1934:

This is a workmen's compensation case. The claimant averred in his petition that he was injured on September 23, 1930 at about 5 P. M., at the Elks' Club, 123, 408 North Washington Avenue, Scranton, while in the performance of his usual duties as club manager, by slipping on a rug, causing him to fall and fracturing his left hip.

The answer denied that the claimant was injured in the course of his employment, and asserted that claimant was not engaged in any lawful employment at the time of the accident.

The referee made an award in favor of claimant for his disability. The board affirmed the findings of fact of the referee. The court, on appeal, entered judgment on the award. The sole question before this court is whether there was legally competent evidence to sustain the award.

The testimony indicated that claimant was assistant manager of Elks' Club, 123, Scranton, and that he had been an employee of the club for the past fifteen years, having lived at the club during this time; that his usual duties were performed between the hours of 8 A. M. and 6 P. M., but that he was subject to call at any time; claimant testified that on September 23, 1930, he had noticed a leak coming from the ceiling of the roof and that he called Mr. Vanston, who is chairman of the board of directors, and that he then went down to the next floor where his room was, to get some papers, at the request of Mr. Vanston, concerning former repair bills and repairmen who previously had worked for the Elks' Club; that while in the room on this mission, he slipped and fell resulting in the injury. He fixes the hour as at about 5 o'clock P. M. Claimant was corroborated by the testimony of the said Mr. Vanston.

The only question necessary for consideration is the alleged failure of the board to give any consideration to a written statement alleged to have been given and signed by claimant in relation to the accident, contradicting his testimony. This statement was excluded by the referee. When the record was before the board the defendant asked for a hearing de novo for the purpose of admitting the statement alleged to have been signed by claimant, whereupon the board admitted the statement, and by opinion affirmed the decision of the referee, stating "which statement does not in any way affect the material matters already produced in the testimony, we are of the opinion that there is no necessity in remitting the record for the purpose of having the claimant examined on the alleged statement and for the purpose of cross-examination, as without giving the alleged statement any consideration whatever, we believe there is sufficient testimony to warrant the findings of the referee."

According to this statement the accident occurred sometime between 1 and 2 o'clock A. M., after claimant had retired for the night. Appellant contends that if the accident happened as set forth in this statement, claimant was not in the course of employment when injured, having retired for the night and not having been called on duty from the time he retired to the time of the happening of the accident.

Claimant on cross-examination, without being shown the alleged statement, denied having signed any statement.

This statement, without the signature thereto being identified by claimant, and without any proof of execution by the attesting witnesses or otherwise, was offered in evidence before the board on behalf of defendant, as a declaration against interest and as a contradiction of the testimony on behalf of claimant

as to how and when the accident took place, and the objection of claimant thereto was overruled and the statement admitted.

Appellant contends that the board erred in their finding that "without giving the alleged statement any consideration whatever," there was sufficient testimony to warrant the findings of the referee. The statement not having been properly proven, had no probative value. There is nothing to indicate whether the board considered the alleged statement as having no legal effect, or whether it considered the statement and after weighing it as evidence, discarded it, and believed the testimony of claimant and his corroborating witness, W. J. Vanston. Even giving due effect to the statement, whether the accident happened between 5 and 6 P. M. or between 1 and 2 A. M., became immaterial, as claimant was subject, in the performance of his duties, to call at all times, and if the accident happened as testified to by claimant, it happened in the course of his employment.

The board is the fact finding body, and, as stated in Stahl v. Watson Coal Co., Appellants, 268 Pa. 452, 454: "If the vital point in dispute is claimed to have been established by direct proof, the question whether or not there is evidence to sustain it is one of law and may be reviewed; but if such evidence appears, the finding becomes one of fact and is not the subject of review, though the referee and board might well have decided the point differently, and the court would possibly have done so."

After a careful examination of the entire testimony, we can not say that there was no legally competent evidence to sustain the award.

The assignments of error are overruled and judgment affirmed.