## Brokaw *v.* State Workmen's Insurance Fund et al., Appellants.

Submitted November 16, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Charles J. Margiotti,* Attorney General, *John T. J. Brennan, S. H. Torchia,* and *Albert C. Richter,* for appellants.

*Wm. H. Satterthwaite, Jr.,* for appellee.

OPINION BY BALDRIGE, J., December 17, 1937:

The sole question in this workmen's compensation case is whether the claimant was in the course of her employment when injured.

The undisputed facts disclose that she was employed as secretary to the treasurer of the George School, located in Bucks County, at a monthly wage rate, and was furnished with board and lodging on the school grounds. Her regular hours of employment were from 8 a. m. to 5 p. m., but she was subject to call, if any emergency arose, at any time during the twenty-four hours of each day. Some days she reported earlier, on others she worked later, than her usual hours.

On Labor Day, September 2, 1935, claimant was in her office until 3:30 p. m., and then went to Philadelphia, for personal reasons, returning about 10 o'clock that night. When she was on the school premises, near the president's home, on her way to the office to see if any mail had been delivered during her absence or if there were any other business matters that required her attention, she slipped and fell, sustaining the injuries for which she seeks compensation. It was her custom to return to the office after she had been away from the school premises for some hours. The treasurer of the school testified as follows:

"Q. Do you consider it her duty to return to the office at any hour of the day or evening after she had

been absent therefrom for personal reasons of her own?

"A. She is not required to, but as her personal interest as resident of the school, we are constantly on the lookout.

"Q. You would say it was her duty to keep in touch with the office after she had been absent for a period of five or six hours?

"A. Yes, I would want her to do that."

The compensation authorities found, as a fact, that claimant was injured in the course of her employment, and granted an award, which was upheld by the court of common pleas.

The appellants concede that claimant was on the school premises, but contend she was not engaged in the furtherance of her employer's business, within the meaning of section 301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736 (77 PS §411).

The hours an employee usually works are not necessarily controlling. All the facts and attending circumstances must be considered in determining whether his presence on the premises was required by the nature of his employment: *Malky v. Kiskiminetas Valley Coal Co.*, 278 Pa. 552, 123 A. 505.

Did the nature of claimant's employment, considered in its broad aspect, require her to go to the office that evening? Both the claimant and her employer said it did. This testimony was sufficient for the fact finders to conclude that claimant was going to work. If she had entered the office building and been injured therein, undoubtedly, she would be entitled to compensation: *Brown v. Elks Club*, 113 Pa. Superior Ct. 226, 172 A. 408. The fact that she was injured on her employer's premises as she was approaching the office on her way to perform some duties incident to her regular employment does not, in our judgment, defeat her claim. The decisions uniformly hold that if an employee is injured on a private walk or road on the premises maintained

by the employer and used with his consent by those going to and from work, he is entitled to compensation. It is stated in 71 C. J. p. 716, §445:

"As an exception to the general rule that injuries sustained by an employee while going to or from work are not ordinarily compensable, injuries which occur to an employee while going to or from his work and after he has come upon the employer's premises or at a place so close thereto as to be considered a part thereof, or before leaving such premises or place, as the case may be, are held to be compensable. On the other hand, no compensation may be awarded for injuries sustained while going to or from work where the injuries occur away from the employer's premises and at places not subject to his control."

This principle is cited with approval in *Granville v. Scranton Coal Co.*, 76 Pa. Superior Ct. 335. See, also, *Tolan v. Phila. & Read. C. & I. Co.*, 270 Pa. 12, 113 A. 67; *Reese v. Penna. R. R. Co.*, 118 Pa. Superior Ct. 112, 180 A. 188; *Dunphy v. Augustinian College*, 129 Pa. Superior Ct. 262, 195 A. 782. The latter case, in many of its features, strongly resembles the case at bar.

We affirmed the award of compensation in *Feeney v. N. Snellenburg & Co.*, 103 Pa. Superior Ct. 284, 157 A. 379, where the claimant fell on a private street she was required to use, four or five feet from the entrance to the store where she was employed, five minutes before her day's work started; also in the recent cases of *Molek v. W. J. Rainey, Inc.*, 120 Pa. Superior Ct. 95, 181 A. 841, and *Barton v. Federal E. & S. Co.*, 122 Pa. Superior Ct. 587, 186 A. 316, where the accident occured on a private way or road over the employer's premises after the work for the day was over.

In *Berlin v. Crawford*, 86 Pa. Superior Ct. 283, the claimant was employed twenty-four hours of the day to listen for trouble in gas engines used for pumping oil. He was killed in the kitchen of his home on the premises

through the accidental discharge of a revolver. We held that the Act of 1915, supra, is broad enough in its provisions to include every injury received on the employer's premises during the hours of employment, if the nature of the work demands the employee's presence there, regardless of whether his presence is actually required at the particular place where the injury occurred, if there is nothing to prove a virtual abandonment of the course of his employment, or that he was engaged in something wholly foreign thereto.

A careful consideration of this record convinces us that the evidence established that the nature of claimant's employment was such that her presence was required on the premises where the injury occurred, and that she was actually engaged in the furtherance of the business or affairs of her employer at the time of the accident.

Judgment affirmed.

DISSENTING OPINION BY KELLER, P. J.:

This case is distinguished from the decisions relied on in the majority opinion by two concurring undisputed matters of fact: (1) The claimant's duties as an employee were ordinarily confined to services within the building. She was secretary to the treasurer of the school. Unless she was sent out on a special errand her duties were performed within the building. (2) She had her residence in the school building. She boarded and lodged there. Hence on returning to the school from her visit to Philadelphia, where she had gone on a purely personal errand, she was on her way back to her rooms for the night, and the personal character of her errand did not end until she arrived at the building—the 'premises'—where she worked. The fact that she may have intended before retiring for the night, to go to the office to see if any mail had been delivered in her absence did not make her return home an act

272

in furtherance of her employer's business, until she got to the 'premises' where she was employed, that is, the building. She was not *required* to go to the office that night, and was simply returning home from a private errand when hurt.

I would reverse the judgment.