## Fronczek, Administrator v. Independent Mfg. Co. et al.

*E. Magil,* for plaintiff.

*J. W. Henderson,* for defendants.

BOK, P. J., June 27, 1947.—The facts are not in dispute.

The claimant finished his work as weighmaster and checked out at 5:00 p.m., December 12, 1944. He then went to a shower room provided for employes, took a shower, changed his clothes, and went to sit on a foundation stone just inside the gate to wait for his son to pick him up. This point was only about 300 feet from where he worked. At 5:15, while sitting there, he was struck on the ankle by a plastic flange, playfully thrown or rolled by a fellow employe. The resulting abrasions ultimately caused gangrene, and the leg had to be amputated on April 4, 1945.

The claimant had worked for defendant for 25 years and was suffering from bad feet: the foundation stone afforded him a place to sit down. The practice of being picked up by his son, who was also returning from work elsewhere, was customary, and the son appeared about 10 minutes after the injury occurred.

Referee Sheldrake awarded compensation at $18 per week, beginning December 19, 1944, for 215 weeks. The claimant died on April 28, 1946, and this appeal from the board's reversing the referee applies only to the claimant's right to compensation for his leg injury.

The board held that when claimant sustained his injury he was not in the course of his employment, and his presence on defendant's premises was not required by the nature of his work: he was where he was for reasons of personal convenience and could have waited for his son outside the gate.

The pertinent part of the Workmen's Compensation Act is section 301(c):

" 'Injury by an accident in the course of his employment' . . . shall include all other injuries . . . sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, *the employe's presence thereon being required by the nature of his employment.*" (Italics supplied.)

We regard the questions of whether the claimant's position when injured was "for his convenience" as a question of law for the courts to decide, as stated in Houlehan et al. v. Pullman Co., 280 Pa. 402 (1924), where the claimant was off the employer's premises, proceeding to work along a street between it and a room provided for the convenience of the employes. In such cases "convenience" has the same overtones as "accommodation" has in relation to signing notes. It was declared to be a question of fact in Malky v. Kiskiminetas Valley Coal Co., 278 Pa. 552 (1924), but the factual situation justified such a conclusion; the claimant was hurt by a bomb while living in a shack on the employer's property during a strike, and it was a real question of fact to decide whether he was continuously in course of his employment or not.

The earlier cases justify the board in rejecting the claim. The opinion in Leacock v. Susquehanna Collieries Co., 98 Pa. Superior Ct. 581 (1930), quotes from Morucci v. Susquehanna Collieries Co., 297 Pa. 508 (1927), as follows:

"Where an employer merely permits or authorizes the use of his facilities by an employe to return home, it is not considered as being in the course of employment, but as a convenience to the employe and an injury happening under such circumstance does not bring the employe within the Compensation Act."

The Leacock case, which involved a worker who was injured while riding on a dump car en route to the wash-house after work, definitely held that "course of employment" does not cover time going to and from work before or after working hours.

The rule of employe convenience has not been altered with time, for in Young v. Hamilton Watch Co., 158 Pa. Superior Ct. 448 (1946), it was held that an injury occurring on a parking lot located across a street from defendant's property and maintained for the convenience of the workers was not compensable. Its use was optional and hence was not considered as required by the nature of the employment. See also Skuaskai v. Philadelphia and Reading Coal & Iron Co., 104 Pa. Superior Ct. 25 (1932); Kerwin v. Susquehanna Collieries Co., 112 Pa. Superior Ct. 594 (1934); Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70 (1923).

It is important to avoid applying the "wash-house" cases to the instant situation. The use of the wash-house by this claimant was wholly incidental to his custom of meeting his son at the gate from 15 to 45 minutes after stopping work: he simply spent part of the waiting period by making use of it. Nor did the accident in any way involve the wash-house.

The board's finding is that claimant's continued presence on defendant's property after 5 o'clock was

for his own convenience. Defendant adds the argument that he could have stepped through the gate and waited outside.

Under the circumstances of the case, we think that this is too narrow a view, and that the rule of employe convenience should not be applied. The stone foundation "was a place to sit down", the claimant said, and the inference is reasonable that there was no other place so favorably located. We are of opinion that the nature of the employment of a man who has bad feet after 25 years of service requires a reasonable time for him to leave the premises and to seek what comfort he can find in the process. We do not believe that he should be penalized for not stepping through the gate and standing in the street.

There is no evidence that there was a shorter or more direct route from the actual scene of claimant's work to the gate, that he disobeyed any rule of the employer, or that he deviated from his path except to sit on a stone beside the gate, which was not an inherently dangerous place to be.

In Jenkins v. Glen Alden Coal Co., 126 Pa. Superior Ct. 326 (1937), the court said:

"The nature and place of his work required him to use this passageway. He was following an authorized and recognized route and was therefore at the time of the injury where he not only had the right, but necessarily at some time had, to be, to get off the employer's premises. True, his day's duties had ended, but actual work does not have the same meaning as 'course of employment'. Hours of employment are not confined to the period for which services are paid; they may extend beyond that time. The claimant's employment did not end until a reasonable opportunity had been afforded him to leave his employer's premises."

See also Malky v. Kiskiminetas Valley Coal Co., supra, and Carlin v. Coxe Bros. & Co., Inc., 274 Pa. 38 (1922).

In cases like Carlin v. Coxe Bros., supra, Horn v. Fitler Co. et al., 115 Pa. Superior Ct. 188 (1934), Reese v. Pennsylvania R. R. Co., 118 Pa. Superior Ct. 112 (1935), and Wolsko v. American Bridge Co. et al., 158 Pa. Superior Ct. 339 (1945), compensation has been allowed for injuries occurring on the employer's premises before work began—in one instance as long as an hour and 20 minutes. The distinction between hours of employment and course of employment is clearly made in these cases, and if injuries are compensable when they occur before work begins, there is no basis in reason to deny compensation when injuries occur after work stops.

In our view the case of Dunphy v. Augustinian College of Villanova et al., 129 Pa. Superior Ct. 262 (1937), is most apposite and persuasive.

Dunphy was a general utility man around the college grounds: he had no fixed hours of employment; and he lived on the property. One Sunday, after attending to a horse, he walked towards his lodging and was standing about 20 yards from the door, watching a boy playing, when he was injured. He was free to leave the property for the afternoon had he wished to. Compensation was allowed, and the court quoted from Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335 (1921) in saying:

" 'The place of employment is not confined to the place at which the workman is employed, but may include the places on the master's premises traversed by the employee in going to and from his work and the places used by the employee with the master's consent.' "

See also Brokaw v. State Workmen's Ins. Fund et al., 129 Pa. Superior Ct. 266 (1937), where a teacher, who lived on the school grounds, recovered compensation for an injury which she sustained long after working hours when returning from a trip taken for purely personal reasons.

It is on this rule that we base our decision—that a reasonable opportunity to leave the plant can and should be considered as being required by the nature of employment. This accident happened only 15 minutes after quitting time, and the claimant did nothing to deviate from or abandon the reasonable process of leaving the defendant's premises. We therefore think that compensation should be awarded.

The order of the Workmen's Compensation Board is therefore reversed, and judgment is entered in claimant's favor in the sum of $1,330.76, made up as follows:

Compensation from December 19, 1944, to
 April 28, 1946, 70 5/7 weeks, at $18 per
 week ............................... $1,272.86
Accrued interest ....................... 5.15
Simple interest ....................... 52.75
                                    _____
                                      $1,330.76