Froessel, J.
(dissenting). We are here called upon to decide whether an Assemblyman comes within the scope of group 16, subdivision 1, section 3, of the Workmen’s Compensation Law, which provides that said law applies to £ £ Any employment by the state.” The Workmen’s Compensation Board has held that he does not, that our Constitution vests in the Senate and the Assembly all the legislative power of the State, and that in that aspect “ they are the State, and presumably not its employees ”. The Appellate Division affirmed. We do not agree.
“We, the People of the State of New York * # * do establish this Constitution ’ ’, says its preamble, and only the People may amend it (art. XIX). The Constitution is the basic law of the State, to the support of which each Assemblyman, and all legislative» executive and judicial officers, must take oath *450 (art. XIII, § 1). It may not be altered in tbe slightest degree by the Legislature. The Senate and Assembly were created under the Constitution by the People, their number and terms of office defined, and they are otherwise regulated and controlled in many ways (art. III). The People have provided an “ annual salary” for their “services”,, as well as traveling expenses {ibid., § 6).
The enacting clause of all bills shall be “ The People of the State of New York, represented in Senate and Assembly, do enact as follows ”, and no law shall be enacted except by bill (art. Ill, § 13). Indeed, every criminal action must be prosecuted “ in the name of the people of the State of New York ” (Code Crim. Pro., § 6); and subpoenas must be issued in like name (Code Crim.. Pro., § 612). By constitutional provision, his colleagues shall be the judge of the election, return and qualifications of each Assemblyman (N. Y. Const., art. Ill, § 9); and he is subject to forfeiture of office for misconduct (Penal Law, § 1331). Even the Governor and members of the judiciary may be removed from office (art. YI, § 10).
Thus it is crystal clear that the People of the State of New York constitute the State, and all who are in the State public service — in stations high or low — are but their servants (People v. Vilas, 36 N. Y. 459, 470). That is the American conception of government. Well over a century ago, Chancellor Sanford, in the case of Daniel Wood, said: “An office is a publick charge or employment, and the term seems to comprehend every charge or employment in which the publick are interested ” (2 Cow. 29, 30). In People ex rel. Kelly v. Common Council (77 N. Y. 503, 507), we held that the office of Congressman is a public “ employment ”. Webster’s New International Dictionary (2d ed., unabridged, 1955 reprint) defines “ employment ” as “ an occupation, profession, or trade; service.”
Prom the foregoing it becomes plain that “ Any employment by the state ” includes the services of an Assemblyman. He is a “ state officer ”, as are appointive officers (Public Officers Law, § 2). As already noted, the State pays him an annual salary and traveling expenses, and he may lose his right to office. He is subject to the Constitution and the law, as herein-before pointed out. Notwithstanding the fact that the State makes contributions to the State Employees’ Eetirement System *451 ££ on behalf of its employees ” (emphasis supplied) (Retirement and Social Security Law, § 2, subd. 8), an Assemblyman may become a member of that System, as all other employees (ibid., § 80). In providing for old age and survivors’ insurance, the statute specifically defines ‘ ‘ Employee ” as ££ An officer or employee of the state ”, under our State social security act (ibid., § 131, subd. 6; see, also, § 161; Tax Law, § 359, subd. 6).
The only opinion before the present case arose was rendered, not in our courts, but by the Attorney-General of our State in 1945, and he concluded (1945 Atty. Gen. 93) that “ where the State is the employer the Workmen’s Compensation Law is applicable regardless of the nature of the employment. No distinction is made in respect to the applicability of the Workmen’s Compensation Law between officers and other employees of the State.”
In Rich v. Industrial Acc. Comm. (36 Cal. App. 2d 628), it was held that a State senator was entitled to workmen’s compensation under a California statute which defined ‘ ‘ employee ’ ’ as including 1 ‘ All elected and appointed paid public officers ’ ’. While that statute was different from our own, ‘ ‘ Any employment # * * notwithstanding the definitions of * * * £ employee ’ ” (Workmen’s Compensation Law, § 3, subd. 1, group 16), is plainly as all-embracing.
The history of the statute definitely supports this conclusion. When the Workmen’s Compensation Law was enacted following our decision in Ives v. South Buffalo Ry. Co. (201 N. Y. 271) and the adoption of article I, section 19 (now 18) of our Constitution, the State was expressly excluded from the definition of employer (L. 1914, ch. 41, § 3, subd. 3). By chapter 316 of the laws of that year, however, the definition was amended so as to include ‘ ‘ the state and a municipal corporation or other political subdivision thereof ”. In Allen v. State of New York (173 App. Div. 455, 459), it was held that this change simply placed ££ the State * * * upon the same footing as individuals and corporations ”, but, since no one could be an employer as defined in the act £ £ unless he is £ employing workmen in hazardous employments,’ and such employments are only those which are carried on for pecuniary gain ”, there was in effect no coverage. By Laws of 1916, chapter 622, a new group known as 43 was added, which embraced certain State and municipal employ- *452 meats. By Laws of 1918, chapter 633, the Legislature added group 45, whereby additional specified State employments were made hazardous employments within the purview of the law. By Laws of 1922, chapter 615, the Legislature generally amended the law, and group 43 relating to the enumerated employments carried on by both the State and the municipalities was renumbered group 17, and group 45 relating solely to the specified State employments was renumbered group 16.
By Laws of 1924, chapter 658, all reference to State employment in group 17 was eliminated, and group 16, which alone related to State employment, was amended so as to bring all employment by the State under the law as follows: ‘ ‘ Group 16. Any employment by the state, notwithstanding the definitions of the terms ‘ employment,’ ‘ employer ’ or ‘ employee ’ in subdivisions three, four and five of section two of this chapter.” Thus the law, so far as pertinent here, reads today.
It may therefore be observed that we have in this State moved from no State coverage whatsoever at first, then to limited coverage in certain hazardous occupations in specified situations, until finally, after five previous efforts to outline coverage, the Legislature provided for compensation for “ Any employment by the state.” The statute no longer speaks of hazardous or enumerated employments; nor does it distinguish among employments, whether elective or appointive, superior or inferior. It is obvious that there may be distinctions among the persons performing services for the State, based upon the kind of work they perform, or the degree to which they participate in the exercise of its sovereign power. But these distinctions are not made by the statute, and it is not necessary for us to read into it admittedly nebulous tests, upon which to base distinctions of our own creation. There is no reason to assume that when the Legislature.stated that “ Any employment by the state ” was to be covered by workmen’s compensation they meant to exclude an indefinite class of public -servants who are “public officers”. In the broadest possible language, the statute embraces any employment by the State, without reservation, limitation or qualification whatsoever, and ‘ ‘ notwithstanding the definitions of the terms ‘ employment, ’ ‘ employer ’ or ‘ employees ’ ” in section 2. The former concept of coverage for hazardous employment of so-called “workingmen” alone was swept away and utterly abandoned. We can only conclude *453 that the Legislature intended to make no distinctions among those who served the State in salaried positions.
It should be noted that the Legislature did not so treat municipal corporations and other political subdivisions of the State; their employees are protected by compensation only if engaged in a hazardous employment (group 17); although, under group 19, they may bring their ‘ ‘ employees or officers, elective or appointed”, and not otherwise covered, within coverage by appropriate action if they choose to do so as self-governing bodies. (See, also, Workmen’s Compensation Law, § 54, subd. 6.) It seems clear that, in the case of the State, then, the Legislature intended to grant coverage to all; to their political subdivisions they gave the right to do so. (As to executive officers of private corporations, see Workmen’s Compensation Law, § 54, subd. 6.) This should obviate any argument that there is any legislative policy that elective officers are ineligible because they are not so-called “ workingmen ”. Not only are they eligible, but we think the Legislature long since set an example by including them with all others by the use of the words “ Any employment ”.
It is not without some significance that the State Insurance Fund, respondent here, in a memorandum found in the Governor’s jacket respecting the bill enacted as chapter 658, Laws of 1924, expressly recognized that, under the proposed amendment, the ‘ ‘ right to compensation would be extended to all other employees of the State,” i.e., other than in enumerated “ hazardous occupations”; that this “fundamental question * * * the Legislature alone can settle ’ ’; that this ‘ ‘ bill would do only what many private employers do ” — namely, “ extend the benefits of the Compensation Law to all their employees ”; and that while ‘ ‘ this bill would theoretically affect a large number of other State employees, these are chiefly in clerical or professional occupations with very low accident hazard.” '
In Matter of Wilson v. General Motors Corp. (298 N. Y. 468, 471), we said: “ The Workmen’s Compensation Law has been broadly construed, and properly so, to embrace all activities which can, in any reasonable sense, be included within its coverage.” In our opinion, “Any employment” means just what it says and nothing less, and includes the employment and service rendered to the State by Assemblyman Toomey.
*454 The order of the Appellate Division should be reversed, and the case remitted to the Workmen’s Compensation Board for a finding in favor of claimant on the issue of ‘ ‘ employment ’ ’, and for further proceedings on the remaining issues.
Desmond, Fuld, Van Voorhis and Burke, JJ., concur with Dye, J.; Froessel, J., dissents in an opinion in which Conway, Ch. J., concurs.
Order affirmed.