VICTOR ANDREWS v. O'DEAN HOSS, d.b.a
CLARK'S FILLING STATION, AND ANOTHER.

174 N. W. (2d) 134.

January 23, 1970—No. 41745.

*Jack DeVaughn,* for realtor.

*Robb, Van Eps & Gilmore* and *Curtis C. Gilmore,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

PER CURIAM.

Certiorari to review an order of the Workmen's Compensation Commission denying benefits to employee-relator.

The sole issue is whether the evidence sustains the commission's factual determination that the employee's injury resulting from a fellow employee's assault by gunshot did not arise out of and in the course of his employment.

The employee worked as a part-time service station attendant. While on the premises of the employer's service station at 1 a. m., March 24, 1967, following an argument with one Nick Taylor (a fellow employee who was on duty) and an altercation and scuffle with Taylor's brother-in-law, employee was shot in the back by Taylor with a .25-caliber pistol. The pistol was furnished by employer to his employees for protection against intruders. The question of whether employee was entitled to benefits turned on whether the argument, altercation, and shooting arose out of the employee's accusation that Taylor was the cause of a $13 shortage of sales receipts belonging to the employer, and was therefore in the course of employment, or out of a purely personal argument with Taylor's brother-in-law, with whom the employee was engaged in fighting immediately preceding the shooting.

The record makes clear that the evidence concerning the hours employee worked preceding the shooting, the cause of his quarrel with

Taylor, and the exchange of blows and scuffle with Taylor's brother-in-law, as well as the conduct of the parties involved leading up to the shooting, was in irreconcilable conflict. As the commission observed, every witness "had a materially different version of the events," and employee's testimony especially "by his own admission, contains much evidence of a lapse of memory." Mindful of an employee's right to benefits for injury resulting from a work-induced altercation even though the injured employee is the instigator or the aggressor, Petro v. Martin Baking Co. 239 Minn. 307, 58 N. W. (2d) 731; Jolly v. Jesco, Inc. 271 Minn. 333, 135 N. W. (2d) 746, the commission, assuming the most favorable view of employee's testimony, nevertheless concluded that he had not sustained his burden to prove an employment-related assault. Jones v. Schiek's Cafe, 277 Minn. 273, 152 N. W. (2d) 356. Both from a favorable view of employee's testimony and from a consideration of the evidence as a whole, we entertain no doubt that there is more than ample evidence to support the commission's decision.

Affirmed.

MURPHY, JUSTICE (dissenting).

I respectfully dissent. The referee who heard the witnesses stated in his memorandum:

"* * * [T]he argument, altercation and eventual shooting arose from the fund shortage or the ejection from the premises and appears to be work related under either version and thus within the scope of the Workmen's Compensation Act. It would seem a little more weight should be given to the petitioner's version of the argument as the assailant subsequently admitted pilfering funds and made restitution."

I would reverse under authority of Blattner v. Loyal Order of Moose, 264 Minn. 79, 117 N. W. (2d) 570; Simonson v. Knight, 174 Minn. 491, 219 N. W. 869; and Olson v. Trinity Lodge, 226 Minn. 141, 32 N. W. (2d) 255.